UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LINDE, | ) | Case No.: 5:14 CV 2799 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| NEIL TURNER, Warden, | ) | |
| Respondent | ) | ORDER |

On December 19, 2014, Petitioner Robert Linde ("Linde" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and sentence. Linde pleaded guilty to aggravated robbery and aggravated burglary offenses. Linde argues that his Petition should be granted based on the following four grounds:

Ground One: The trial court violated Petitioners [*sic*] Fifth Amendment [r]ight against double jeopardy when it did not merge the offenses under allied offenses under law.

Ground Two: The trial court violated Petitioners [*sic*] Fourteenth Amendment right of due process of law as it sentenced him contrary to law and did not apply the minimum sentence.

Ground Three: The trial court violated Petitioners [*sic*] Sixth Amendment and Fourteenth Amendment [right] when it sentenced him to consecutive sentences for his offenses.

Ground Four: Petitioners [*sic*] Sixth Amendment right to effective assistance of both trial and appellate counsel was violated that lead [*sic*] to an improper conviction and improper appeal.

(*See generally* Pet., ECF No. 1.) The court referred the case to Magistrate Judge Nancy A. Vecchiarelli for preparation of a Report and Recommendation ("R&R"). Respondent Neil Turner,

Warden of North Central Correctional Institution in Marion, filed a Return of Writ on March 24, 2015 (ECF No. 5).  In response, Petitioner filed a Traverse (ECF No. 8), with two corrected pages added to the Traverse (ECF Nos. 9 and 10).  The Magistrate Judge submitted her R&R (ECF No. 12) on March 4, 2016, recommending that the court dismiss the Petition with prejudice.

The Magistrate Judge determined that Petitioner's first, second and third grounds for relief were not fairly presented to the Ohio appellate court, and thus he had not satisfied the exhaustion requirement.  But the Magistrate Judge still considered the claims, finding them to be meritless.  To the extent that the first three grounds assert errors of state law, the R&R concluded that those claims are not cognizable on federal habeas review.  After analyzing Petitioner's first ground for relief on its merit, the Magistrate Judge concluded that "the state appellate court's decision upholding Linde's cumulative sentences was neither contrary to, nor an unreasonable application of, Supreme Court precedent, and did not include unreasonable determinations of fact in light of the evidence presented."  (R&R at 21-22, ECF No. 12.)

In regard to the merits of Petitioner's second and third grounds for relief, the Magistrate Judge also decided that the state appellate court's decision affirming imposition of non-minimum and consecutive sentences was neither contrary to, nor an unreasonable application of, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and the line of cases following it.  For the ineffective assistance of trial counsel portion of the fourth ground for relief, the Magistrate Judge concluded that Petitioner procedurally defaulted this claim.  In regard to the ineffective assistance of appellate counsel portion of the fourth ground for relief, the R&R concluded that Petitioner's claims are likely unexhausted and procedurally defaulted, but even if they were addressed, the claims are meritless, because Petitioner could not show that his appellate counsel's performance was deficient and that the deficient performance was prejudicial.

On March 23, 2016, Petitioner filed his Objections to the R&R ("Objections") (ECF No. 13), objecting to the R&R on all grounds for relief. The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of an R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1) (2014). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. Furthermore, the failure to file written objections to the R&R of a Magistrate Judge constitutes a waiver of a party's right to appeal the district court's judgment. *Thomas v. Arn,* 474 U.S. 140, 145 (1985).

In the instant case, Petitioner has not filed timely objections to the R&R. On the day the R&R was issued, the court served Petitioner with a copy by regular mail at his address of record. The R&R itself indicated that Petitioner would have fourteen days within which to file any objections. (ECF No. 12, at 27.) Nonetheless, Petitioner did not file his Objections until March 23, 2016 (ECF No. 13), five days after the deadline. Even though Petitioner's objections are untimely, and he has offered no reason why that is so, the court, out of an abundance of caution, will review the Magistrate Judge's R&R *de novo*.

The court finds that, after careful *de novo* review of the R&R and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts the Magistrate Judge's R&R (ECF No. 12) as its own.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2016